JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, F. Benjamin Riek, III ("Riek"), appeals the trial court's decision to confirm an arbitration award. For the following reasons, we affirm.
 {¶ 2} In 2002, Sharon Havachak retained defendant-appellee, Carl Monastra ("Monastra"), to represent her in a wrongful discharge and discrimination case. Monastra referred the case to Riek and the two attorneys allegedly made an oral agreement that Riek would pay Monastra forty percent of any attorney fees collected, minus costs. After the case settled, Monastra demanded his share of the attorney fees, which he argued was $21,600. Riek offered to pay Monastra for the time he worked on the case, which amounted to just under $7,000.
 {¶ 3} Monastra and Riek were unable to settle their dispute. Monastra filed a complaint with the Cuyahoga County Bar Association and the attorneys agreed to submit to binding arbitration pursuant to DR 2-107(B). DR 2-107 provides:
 "(A) Division of fees by lawyers who are not in the same firm may be made only with the prior consent of the client and if all of the following apply:
 "(1) The division is in proportion to the services performed by each lawyer or, if by written agreement with the client, all lawyers assume responsibility for the representation;
 "(2) The terms of the division and the identity of all lawyers sharing in the fee are disclosed in writing to the client;
 "(3) The total fee is reasonable.
 "(B) In cases of dispute between lawyers arising under this rule, fees shall be divided in accordance with mediation or arbitration provided by a local bar association. Disputes that cannot be resolved by a local bar association shall be referred to the Ohio State Bar Association for mediation or arbitration." *Page 4 
 {¶ 4} The bar association's arbitration panel held a hearing and awarded Monastra $18,000.
 {¶ 5} Riek filed a motion to vacate or modify the arbitration award in common pleas court. Monastra filed an application to confirm the award and the two cases were consolidated. The trial court granted Monastra's application to confirm the arbitration award, finding that the arbitration award was final, binding upon the parties, and unappealable.
 {¶ 6} Riek now appeals to this court, raising three assignments of error for our review. Within each assignment of error, Riek argues that the trial court erred by failing to modify or vacate the arbitration award. His main complaint is that Monastra failed to obtain a written agreement with him.
 {¶ 7} R.C. 2711.09 states in relevant part that "[a]t any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected ***as prescribed in sections 2711.10 and 2711.11 ***."
 {¶ 8} In Shimko v. Lobe, 103 Ohio St.3d 59, 2004-Ohio-4202,813 N.E.2d 669, the Ohio Supreme Court held that "an arbitration award rendered pursuant to DR 2-107(B) is final, binding upon the parties, and unappealable." Since the bar *Page 5 
association's decision was final, binding, and unappealable, we find that the trial court acted correctly in confirming the award.
 {¶ 9} Riek argues that Shimko is not binding on this case because the arbitrators did not base the award on the mandatory requirements of DR 2-107(A) which include a written agreement. Essentially, Riek is requesting that this court rearbitrate the case. In accordance withShimko, however, we are without authority to do so.
 {¶ 10} Therefore, we overrule the assignments of error.
 {¶ 11} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA A. BLACKMON, J., and MARY J. BOYLE, J., CONCUR *Page 1